JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02862-JVS-KES | Date | March 23, 2026 |
| Title | Allan Valenciano v. United of Omaha Life Insurance Company et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Order Regarding Defendant Majali's Motion to Dismiss [14] and Plaintiff's Motion to Remand [16]**

Before the Court are two motions.  First, Defendant Asma Majali ("Majali") moves to dismiss the claim against her.  (MTD, Dkt. No. 14.)  Plaintiff Allan Valenciano ("Valenciano") opposes.  (Opp'n to MTD, Dkt. No. 20.)  Majali replied.  (MTD Reply, Dkt. No. 21.)

Second, Valenciano moves to remand this case to Riverside Superior Court. (MTR, Dkt. No. 16.)  Defendant United of Omaha Life Insurance Company ("Omaha") opposes.  (Opp'n to MTR, Dkt. No. 18.)  Valenciano replied.  (Reply, Dkt. No. 22.)  The Court heard oral argument on this matter on March 23, 2026.

For the following reasons, the Court **GRANTS** the Motion to Remand.  It **DENIES as moot** the Motion to Dismiss, leaving the issue for the Superior Court to decide.

## I. BACKGROUND

Unless otherwise stated, the following details are allegations drawn from Valenciano's Complaint.  (See Complaint ("Compl."), Dkt. No. 1-1.)

On July 19, 2024, Omaha issued a life insurance policy ("Policy") to Valenciano. (Id. ¶ 4; see id., Ex. 1.)  Majali, an insurance broker, assisted Valenciano in procuring this Policy.  (Id. ¶¶ 2, 6.)  The Policy included an "Accelerated Benefits for Chronic Illness Rider" ("Accelerated Benefits Rider"), which allegedly entitled Valenciano to

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02862-JVS-KES | Date | March 23, 2026 |

| | |
|---|---|
| Title | Allan Valenciano v. United of Omaha Life Insurance Company et al |

80% "policy's face amount upon certification by a licensed health care practitioner that the insured is unable to perform at least two Activities of Daily Living ("ADLs") for a period of at least 90 consecutive days, or upon a determination that the insured suffers from severe cognitive impairment."[1]  (Id. ¶ 13 & Ex. 1 at ECF No. 19.)

Around October 2024, Valenciano "suffered a debilitating spinal injury" that prevents him from "dressing himself and bathing himself," which are both considered ADLs.  (Id. ¶ 14.)  Around July 2025, Valenciano submitted a claim under the Accelerated Benefits Rider, which Omaha "denied and/or failed to timely pay . . . ."  (Id. ¶ 15–16.)

In response, Valenciano filed his Complaint in Riverside Superior Court on November 20, 2025.  (Id. at 11.)  The Complaint alleges three claims against Omaha: (1) breach of contract, (2) breach of the implied covenant of good faith and fear dealing, and (3) negligence.  (Id. ¶¶ 19–35.)  The Complaint also alleges negligence against Majali.  (Id. ¶¶ 31–35.)  On December 30, 2025, Omaha timely removed the case to federal court.  (See Dkt. No. 1.)  Now, Valenciano asks the Court to remand the case to Riverside Superior Court, and Majali asks the Court to dismiss the negligence claim against her.  (See MTD, MTR.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  Doubts as to removability should be resolved in favor of remanding the case to the state court.  Id.  This strong "presumption against removal jurisdiction means that 'the defendant always has the burden of establishing that removal is proper.'"  Id. (quoting

---

[1] Valenciano does not presently have a copy of the Policy, but claims he will seek one in discovery.  (Compl. ¶ 12.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:25-cv-02862-JVS-KES                     Date   March 23, 2026

Title   Allan Valenciano v. United of Omaha Life Insurance Company et al

Gaus, 980 F.2d at 566).

## III. DISCUSSION

### A. Motion to Remand

Valenciano contends that this case should be remanded because both he and Majali are citizens of California, so there is no diversity of citizenship. (MTR at 4.) Omaha responds that Majali is a sham defendant, so she should not count for purposes of establishing diversity. (Opp'n to MTR at 1.)

"In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1169–70 (E.D. Cal. 2011) (citing Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1419 (9th Cir. 1989)). Omaha "must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Nasrawi, 776 F. Supp. 2d at 1170. "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure the purported deficiency.'" Id. (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

Based on the evidence before it, the Court is not persuaded that Valenciano "could not *possibly* recover against" Majali. Nasrawi, 776 F.2d at 1169 (emphasis added). "The elements of a cause of action for professional negligence are (1) the existence of the duty of the professional to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) breach of that duty; (3) a causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional negligence." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011). Without engaging in a full Rule 12(b)(6) analysis, the Court does determine that it would be neither legally nor factually impossible to allege negligence against Majali.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:25-cv-02862-JVS-KES                     Date    March 23, 2026

Title    Allan Valenciano v. United of Omaha Life Insurance Company et al

With regard to legal possibility, Valenciano argues that Majali had an independent duty to him for two reasons: (1) Majali was a "dual agent" of Valenciano and Omaha, , creating a duty outside her capacity as an agent of Omaha.  (MTR at  6–7, 10–11.)  And Valenciano is correct: California law would impose an independent duty upon Majali in that situation.  See Briano v. Conseco Life Ins. Co., 126 F. Supp. 2d 1293, 1298 (C.D. Cal. 2000) ("[I]t is an . . . established rule that if a dual agency exists, the law does not foreclose recovery by the insured."  (internal punctuation marks omitted) (quoting Kurtz, Richards, Wilson & Co. v. Ins. Communicators Mktg. Corp., 12 Cal. App. 4th 1249, 1258 (1993))).  Of course, Omaha raises several legal arguments for why Majali is *not* a dual agent in the Complaint as alleged, but these are proper arguments for a motion to dismiss, not fraudulent joinder.  (See Opp'n to MTR at 8–11.)

With regard to factual possibility, Omaha argues that it is outright impossible for Majali to have breached a duty of care to Valenciano: "Because the 'accelerated death benefit' coverage was obtained, Ms. Majali satisfied the very duty Plaintiff claims she breached."  (Id. at 6.)  But the mere *presence* of the Accelerated Benefits Rider does not close this case.  Indeed, Valenciano contends that the Rider, as procured, was "insufficient and that the claim was denied because Majali failed to procure a policy which has adequate protections for accelerated death benefits."  (MTR Reply at 2; see Compl. ¶¶ 32–35.)  It is factually possible for an insurance agent to procure a policy that—because of the agent's negligence—contains insufficient protections to meet the goals promised to the client.  To the extent that possibility is not *actually* what happened here, these arguments are more appropriate for a motion to dismiss or summary judgment.

The Court finds that Majali was not fraudulently joined in this action.  Accordingly, her inclusion destroys complete diversity, and the Court lacks any other subject matter jurisdiction over this case.  Remand is necessary.

### B.    *Motion to Dismiss*

Because the Court grants the Motion to Remand, it is most appropriate for the Riverside Superior Court to determine if Valenciano's Complaint, in its present form,

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-02862-JVS-KES | Date | March 23, 2026 |
|---|---|---|---|

| Title | Allan Valenciano v. United of Omaha Life Insurance Company et al |
|---|---|

states a claim against Majali.  Therefore, the Court does not consider Majali's Motion to Dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Remand.  It **DENIES as moot** the Motion to Dismiss.

**IT IS SO ORDERED.**